IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN R. BARBERIO,                          )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )    Civil Action No. 24-58-J
                                           )
COMMISSIONER OF SOCIAL SECURITY,           )
                                           )
                    Defendant.             )

O R D E R

AND NOW, this 3rd day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

_____

[1]     Plaintiff is proceeding *pro se* in this case, and while the Court believes that he has done a credible, good-faith job of explaining his position, the Court must, at the outset, explain the limited scope of its authority in this matter.  42 U.S.C. § 405(g) permits a district court to review

1

a final decision of the Commissioner of Social Security.  However, judicial review is based solely on the pleadings and the transcript of the record, and the scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the findings of fact of the Administrative Law Judge ("ALJ") to determine whether they are supported by substantial evidence).  If the district court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).

Furthermore, since this is a claim for DIB benefits under Title II of the Act, Plaintiff must establish that he became disabled on or before his date last insured, in this case March 31, 2015.  *See* 42 U.S.C. §§ 423(a)(1)(A), (c)(1); *Kelley v. Barnhart*, 138 Fed. Appx. 505, 507 (3d Cir. 2005) (citing *Kane v. Heckler*, 776 F.2d 1130, 1131 n.1 (3d Cir.1985)).  Given that Plaintiff has alleged that his onset date of disability was January 1, 2015, the relevant time period here is relatively small, and Plaintiff has to prove he was disabled within that approximately four-month time range.  *See* 20 C.F.R. § 404.131.  While the ALJ can consider evidence after Plaintiff's date last insured, such evidence is relevant **only** if it pertains to Plaintiff's condition during the relevant period.  *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007).  "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act."  *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd* 649 F.2d 858 (3d Cir. 1981).

Therefore, the Court here is limited to reviewing the record before it to assure itself that this record adequately supports the ALJ's decision that Plaintiff was not disabled during the relevant time period, *i.e.*, the alleged onset date of January 1, 2015 and the date last insured – March 31, 2015.  Whether Plaintiff was disabled during some time other than the relevant period is outside the Court's scope of review.  Therefore, the Court cannot consider evidence that was not before the ALJ in its determination of whether or not the ALJ's decision was supported by substantial evidence.  *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011).  In short, the Court has no authority to do anything but to review the record in this administrative case and evaluate the decision of this ALJ.

It is within this context that the Court must consider Plaintiff's arguments.  His first is that the ALJ erred in not ordering a consultative examination to be performed in regard to the alleged functional limitations caused by Plaintiff's brain-related impairments.  Indeed, Plaintiff expressly requested such an examination at both of his administrative hearings.  (R. 29, 32, 64, 74, 78).  However, while an ALJ **may** order a consultative examination if the record is insufficient to render a decision, he or she is generally not required to do so.  *See* 20 C.F.R. §§

404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002).  Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources." *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 404.1519a(a) and (b)).  Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on your claim."  20 C.F.R. § 404.1519a(b).  The decision whether to order such an examination is within the sound discretion of the ALJ.  *See Thompson*, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole."  *Woodman v. Berryhill*, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018).

The Court finds that the ALJ did not abuse his discretion in declining to obtain a consultative examination in this case.  The medical record in this matter is not particularly voluminous, but this appears to be the result of a lack of relevant treatment, not an inability to obtain records.  Nonetheless, the record does contain some relevant clinical findings and laboratory tests, including a June 13, 2014 MRI of Plaintiff's brain.  Moreover, there was no specific inconsistency that needed to be addressed by a consultative examiner.  Most significantly, as the ALJ discussed, because Plaintiff did not file his claim for benefits until June of 2020, a consultative examination would shed little if any light on the nature of his condition prior to his date last insured.  (R. 12, 32-33).  At the earliest, an examination could have occurred in 2022, more than seven years after his insured period ended on May 31, 2015.  As the Court explained above, a consultative examination would only be relevant if it pertained to Plaintiff's condition during the relevant period, which would not have been the case here.  *See Ortega*, 232 Fed. Appx. at 197.  Under these circumstances, the Court finds that substantial evidence supports the ALJ's exercise of his discretion.

Plaintiff further asserts that he was entitled to a proper reading of the 2014 MRI of his brain.  However, such relief was not within the ALJ's authority to grant; indeed, ALJs are prohibited from reinterpreting or offering their own lay opinions regarding objective medical evidence.  *See Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).  To the extent Plaintiff believes that medical professionals have misconstrued his MRI, he is free to seek other medical opinions.  The Social Security Administration, however, cannot order a doctor to reevaluate this MRI.

Plaintiff further discusses records that he believes were left out of the record for various reasons.  He alleges, for example, that some of the medical records from his treatment with Larry Mastrine, M.D., were lost while being transferred to Conemaugh Ebensburg Outpatient Center.  (Doc. No. 5).  However, the administrative record contains medical records from Dr. Mastrine (R. 363-81), and Plaintiff does not identify what additional records may be missing or suggest how they would result in any different finding in this case.  Likewise, although Plaintiff contends that some of his father's medical records should have been included in the record, there is no indication that such records would have been relevant in determining Plaintiff's functional capacity.  Moreover, this issue was discussed at length during the administrative proceedings,

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 5) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 7) is GRANTED as set forth herein.

s/Mark R. Hornak
United States District Judge

ecf:      Counsel of record

cc:       John R. Barberio
          101 Maplebrook Drive
          Ebensburg, PA 15931

---

with the ALJ explaining that he could not include Plaintiff's father's medical records in the record of this case and Plaintiff eventually agreeing to proceed without objection.  (R. 43-44).

Finally, Plaintiff argues that he was forced to answer questions at the administrative hearing "under duress," apparently because the ALJ would not provide a paper copy of the record at the hearing, only an electronic one.  (Doc. No. 5; R. 41).  However, ALJ had, in fact, mailed a full and complete copy of the record in paper form to Plaintiff prior to the hearing.  (R. 12, 350-51).  Moreover, the ALJ offered Plaintiff the opportunity to pause the hearing and review the electronic file in the counsel room, and Plaintiff declined this offer.  (R. 41-44). Further, Plaintiff has offered no explanation as to how reviewing the physical record, as opposed to an electronic version, would have any impact on the ALJ's findings.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.